Michael McAFEE, Petitioner,

v.

Gary RODEN, Respondent.

Civil Action No. 09–10935–NMG.

United States District Court,
D. Massachusetts.

Dec. 16, 2010.

Michael McAfee, Norfolk, MA, pro se.

Jennifer L. Sullivan, Office of the Attorney General, Boston, MA, for Respondent.

**MEMORANDUM & ORDER**

GORTON, District Judge.

### I. *Factual Background*

After a jury trial in the Massachusetts Superior Court Department for Suffolk County, Michael McAfee ("McAfee") was convicted of first-degree murder on the theories of deliberate premeditation and extreme atrocity or cruelty, assault and a firearms charge. He was sentenced to life in prison for the first-degree murder conviction and concurrent terms of nine to ten years for the assault conviction and four to five years for the firearms conviction. On June 3, 2009, McAfee brought a *pro se* petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 16, 2010, the Court accepted and adopted

Magistrate Judge Sorokin's Report and Recommendation to dismiss the petition.

McAfee filed a notice of appeal dated August 31, 2010 in which he stated that his application for a certificate of appealability ("COA") would be filed within the next 30 days. The application was not timely filed. On October 18, 2010, the First Circuit Court of Appeals ordered this Court promptly to issue or deny a COA. On November 1, 2010, this Court issued a COA on seven of the nine arguments that Petitioner raised. McAfee now moves for leave to file a motion for an expanded COA.

## II. *Analysis*

### A. Standard for Issuance or Denial of a Certificate of Appealability

Section 2253(c) of Title 28 of the United States Code provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to make a "substantial showing", a petitioner seeking a COA must show that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). In ruling on a motion for a COA, a district court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

■ The "debatable amongst jurists of reason" inquiry has been interpreted as a very low barrier to the issuance of a COA. *Miller–El v. Cockrell,* 537 U.S. 322, 338,

341, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The petitioner need not show that some jurists would grant his petition for a writ of habeas corpus. *Id.* In fact, a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Id.* The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* (internal quotations omitted).

### B. Application

■ McAfee moves to file a motion for an expanded COA on the sole issue of the exclusion of witness Lysandra Pomales. In its November 1, 2010 Memorandum & Order, the Court denied a COA on that issue because 1) the trial court found that her testimony was not admissible in that it was not probative of either defendants' guilt and 2) McAfee did not identify any U.S. Supreme Court case showing that such a state law evidentiary ruling amounts to the denial of a constitutional right.

In Petitioner's motion for an expanded COA, he discusses *Commonwealth v. Turner,* in which the Massachusetts Appeals Court held that the exclusion of a witness's testimony violates the defendant's right, under the Sixth and Fourteenth Amendments, to a fair trial when the Commonwealth is responsible for the interference that resulted in prejudice to the defendant. 37 Mass.App.Ct. 385, 640 N.E.2d 488, 490–91 (1994). McAfee argues that this holding is applicable to his case because Pomales was intimidated into refusing to testify by members of the Boston Police Department.

Petitioner provides the Court with a copy of an affidavit written by attorney Margaret Burnham, counsel for McAfee's co-defendant, Ronny Elliot, in support of his motion for a new trial in the Massachu-

setts Superior Court Department for Suffolk County. In her affidavit, Burnham states that, in an interview with Pomales in September, 1995, Pomales told her that she saw the prosecution's chief witness, Michael Alvaro Sanders, and the victim of the shooting, Cassius Love, drive down Catawba Street. When they jumped out of their vehicle, Pomales saw that they were armed and Sanders had a gun. Burnham relates that, at trial, Pomales was surrounded by police officers who subjected her to intensive questioning. After that, Pomales would not return to Court until the trial judge issued a *capias* for her appearance. When she appeared, she denied having spoken to Burnham or having witnessed anything. Burnham opines that Pomales' testimony was crucial to McAfee's defense of self-defense and might have changed the jury's verdict.

Petitioner also submits a portion of the affidavit of Robert J. Selevitch, a private investigator hired by Burnham to gather information about the murder of Cassius Love. Selevitch states that he interviewed Pomales twice and, on both occasions, Pomales told him the same thing that she told Burnham.

Given that Petitioner now provides case law supporting his argument that the exclusion of Pomales' testimony violated his constitutional right to a fair trial, the Court finds that reasonable jurists could debate its denial of McAfee's petition on that ground. Thus, the Court will allow Petitioner's motion for an expanded COA and issue a COA on the witness Pomales claim.

### ORDER

In accordance with the foregoing, Petitioner's motion for leave to file a motion for an expanded certificate of appealability and memorandum in support thereof (Docket No. 29) is **ALLOWED** and a certificate of appealability on the issue of the exclusion of witness Pomales is **ISSUED**.

**So ordered.**